## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JAMIE WARREN, individually and on behalf of all others similarly situated, | Docket No: 2:23-cv-00226 |
| v. | JURY TRIAL DEMANDED |
| EASTERN ENERGY SERVICES, INC. | FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### I.   SUMMARY

1. Jamie Warren (Warren) brings this lawsuit to recover unpaid overtime wages and other damages from Eastern Energy Services, Inc. (Eastern Energy) under the Fair Labor Standards Act (FLSA).

2. Warren worked for Eastern Energy as an operator during the relevant time period.

3. Warren regularly worked for Eastern Energy in excess of forty (40) hours each week.

4. Warren did not receive overtime from Eastern Energy for hours worked in excess of forty (40) hours in a single workweek.

5. Instead, Eastern Energy improperly classified Warren as exempt from the overtime requirements.

6. Eastern Energy paid Warren a purported salary and additional compensation, such as a day rate.

7. Because the additional compensation Eastern Energy paid to Warren was not reasonably related to the purported salary, Eastern Energy's purported salary fails the salary basis test.

8. As a result of Eastern Energy's purported salary failing the salary basis test, Eastern Energy cannot apply any white-collar exemptions to Warren.

9. The job duties Warren performed as an operator were also those of a non-exempt nature, including manual labor, working outside in the elements, using tools, operating machinery, being exposed to hazardous working conditions, and carrying heavy objects.

10. Considering these facts, Eastern Energy misclassified Warren as exempt.

11. Warren is entitled to overtime, liquidated damages, attorney fees, and costs.

12. Warren brings this claim on behalf of himself and all Eastern Energy employees paid a purported salary and day rate (Putative Class Members).

## II.     JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division in and around Harrison County, Texas.

15. Eastern Energy is headquartered in Laurel, Mississippi.

## III.     THE PARTIES

16. Warren worked for Eastern Energy as an operator from approximately November 2020 through Present..

17. Warren worked for Eastern Energy in Texas and Louisiana, including in Marshall, Texas.

18. Warren's consent to be a party Plaintiff is attached as Exhibit A.

19. Warren brings this action on behalf of himself and all other similarly situated workers who were paid a purported salary and a day rate by Eastern Energy. Eastern Energy misclassified the Putative Class Members as exempt from overtime pay under the FLSA.

20. The class of similarly situated Eastern Energy employees or putative class members

sought to be certified is defined as follows:

> **All current and former employees of Eastern Energy Services, Inc. who were paid a purported salary and a day rate in the past three years.** ("Putative Class Members").

21. Defendant Eastern Energy Services, Inc. is a Mississippi corporation doing business throughout the United States. Eastern Energy may be served at National Registered Agents, Inc. 1999 Bryan St. Suite 900, Dallas, Texas 75201, or wherever it may be found.

### IV. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Eastern Energy has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Eastern Energy has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Eastern Energy have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Eastern Energy have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Warren and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V.    FACTS

26. Eastern Energy Services, Inc. is an oilfield services company that provided services throughout the United States, including in Texas and Louisiana, focusing on production and completions support.

27. To provide services to their clients, Eastern Energy employs oilfield personnel.

28. Many of the individuals who worked for Eastern Energy, were paid a purported salary and day rate, misclassified as exempt employees, and make up the proposed Putative Class.

29. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

30. These so-called exempt employees were not paid overtime, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

31. For example, Warren worked for Eastern Energy as an operator during the relevant time period (in Texas).

32. Throughout his employment with Eastern Energy, he was classified as an exempt employee and paid a purported salary plus additional compensation with no overtime compensation.

33. As an operator, Warren regularly worked more than 40 hours each week without receiving overtime compensation.

34. Generally, Warren estimates he regularly worked over eighty hours in a week.

35. As an operator, Warren performed non-exempt job duties including rigging up, maintaining, operating, and rigging down oilfield equipment in order to complete the well.

36. The job functions of Warren and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

37. Warren and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

38. Warren and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

39. Warren and the Putative Class Members all regularly worked more than 40 hours in a week.

40. The work Warren performed was an essential and integral part of Eastern Energy's core business of completing oil and gas wells.

41. Being an oilfield employee for Eastern Energy does not require specialized academic training as a standard prerequisite.

42. To the extent the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

43. Instead, the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

44. The Putative Class Members are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

45. With these job duties, Warren and the Putative Class Members are clearly non-exempt employees under the FLSA.

46. Eastern Energy does not pay the Putative Class Members overtime for hours worked in excess of 40 in a single workweek.

47. Instead, Eastern Energy pays these workers a purported base salary plus a daily rate for each day worked in the field.

48. This day rate is not overtime pay, but rather a lump sum payment that must be included in the Putative Class Members' regular rates of pay.

49. The additional compensation Eastern Energy paid Warren and the Putative Class Members is not reasonably related to their purported salary.

50. Eastern Energy's purported salary plan does not comply with the FLSA's reasonable relationship requirements.

51. Warren and the Putative Class Members worked for Eastern Energy in the past three years throughout the United States, including in Texas and Louisiana.

52. As a result of Eastern Energy's pay policies, Warren and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

53. Eastern Energy keeps accurate records of the hours, or at least the days, its employees work.

54. Eastern Energy also keeps accurate records of the amount of pay its employees receive.

55. Because Warren (and Eastern Energy's other employees) were misclassified as exempt employees by Eastern Energy, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI. FLSA Violations

56. As set forth herein, Eastern Energy has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

57. Eastern Energy knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Warren and the Putative Class Members overtime compensation.

58. Eastern Energy's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

59. Accordingly, Warren and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### VI.    COLLECTIVE ACTION ALLEGATIONS

60. Warren incorporates all previous paragraphs and alleges that the illegal pay practices Eastern Energy imposed on Warren were likewise imposed on the Putative Class Members.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

62. Numerous other individuals who worked with Warren indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

63. Based on his experiences and tenure with Eastern Energy, Warren is aware that Eastern Energy's illegal practices were imposed on the Putative Class Members.

64. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

65. Eastern Energy's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

66. Warren's experiences are therefore typical of the experiences of the Putative Class Members.

67. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

68. Warren has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Warren has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

69. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

70. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Eastern Energy will reap the unjust benefits of violating the FLSA and applicable state labor laws.

71. Furthermore, even if some of the Putative Class Members could afford individual litigation against Eastern Energy, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

73. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Eastern Energy employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

    b. Whether the Putative Class Members were improperly misclassified as exempt employees;

    c. Whether Eastern Energy's decision to classify the Putative Class Members as exempt employees was made in good faith;

    d. Whether Eastern Energy's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e. Whether Eastern Energy's violation of the FLSA was willful; and

    f.  Whether Eastern Energy's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

74. Warren's claims are typical of the claims of the Putative Class Members. Warren and the Putative Class Members sustained damages arising out of Eastern Energy's illegal and uniform employment policy.

75. Warren knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

76. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

77. The statutes of limitations of the Putative Class Members' claims should be tolled pending the outcome of the Court's Order on Warren's anticipated motion for conditional certification.

## VII. JURY DEMAND

78. Warren demands a trial by jury.

## VIII. RELIEF SOUGHT

79. WHEREFORE, Warren prays for judgment against Eastern Energy as follows:

  a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

  b. For an Order pursuant to Section 216(b) of the FLSA finding Eastern Energy liable for unpaid back wages due to Warren and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

  c. For an Order appointing Warren and his counsel as Class Counsel to represent the interests of the federal law collective;

  d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

  e.  For an Order granting such other and further relief as may be necessary and appropriate.

            Respectfully submitted,

            By: <u>/s/ *Michael A. Josephson*</u>
              **Michael A. Josephson**
              Texas Bar No. 24014780
              **Andrew W. Dunlap**
              Texas Bar No. 24078444
              **Carl A Fitz**
              Texas Bar No. 24105863
              **JOSEPHSON DUNLAP LLP**
              11 Greenway Plaza, Suite 3050
              Houston, Texas 77046
              713-352-1100 – Telephone
              713-352-3300 – Facsimile
              mjosephson@mybackwages.com
              adunlap@mybackwages.com
              cfitz@mybackwages.com

              **AND**

              **Richard J. (Rex) Burch**
              Texas Bar No. 24001807
              **BRUCKNER BURCH, PLLC**
              11 Greenway Plaza, Suite 3025
              Houston, Texas 77046
              713-877-8788 – Telephone
              713-877-8065 – Facsimile
              rburch@brucknerburch.com

              **ATTORNEYS IN CHARGE FOR PLAINTIFF**